An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSEPH DARRELL ANDERSON, II,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65781

**FILED**

SEP 17 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
    DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Fifth Judicial District Court, Nye County; Robert W. Lane, Judge.

In his petition, filed on May 13, 2014, appellant claimed that he received ineffective assistance from trial and appellate counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

14-30901

504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). To warrant an evidentiary hearing, a petitioner must raise claims supported by specific factual allegations that, if true and not repelled by the record, would entitle him to relief. *Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984).

Appellant claimed that trial counsel was ineffective for advising him to enter a guilty plea where counsel's advice was based on his incorrect belief that appellant had a valid double-jeopardy claim. Appellant's bare claim failed to demonstrate prejudice. He did not allege that he rejected an earlier, more favorable plea offer due to counsel's inaccurate legal assessment. *See Lafler v. Cooper*, 566 U.S. ___, ___, 132 S. Ct. 1376, 1384 (2012). Neither did he allege that, but for counsel's advice, he would not have pleaded guilty but would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Moreover, we note that appellant received a benefit in exchange for his guilty plea—the dismissal of two other cases. We therefore conclude that the district court did not err in denying this claim without an evidentiary hearing.

Appellant also claimed that appellate counsel was ineffective for failing to file a petition for en banc reconsideration despite having told appellant that he would do so should the petition for rehearing be denied. Appellant's bare claim failed to demonstrate deficiency or prejudice. Appellant failed to identify any grounds that would have warranted en banc reconsideration. *See* NRAP 40A(a). We therefore conclude that the

district court did not err in denying this claim without an evidentiary hearing. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Robert W. Lane, District Judge
       Joseph Darrell Anderson, II
       Attorney General/Carson City
       Nye County District Attorney
       Nye County Clerk

---

[2]We further conclude that the district court did not abuse its discretion in declining to appoint counsel to represent appellant in these post-conviction proceedings. *See* NRS 34.750(1).